Complaint

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GUAM MEMORIAL HOSPITAL AUTHORITY,<br><br>Petitioner,<br><br>v.<br><br>CIVIL SERVICE COMMISSION,<br><br>Respondent,<br><br>EVANGELINE P. CHACO,<br><br>Real Party in Interest. | SPECIAL PROCEEDINGS CASE NO. SP0051-12<br><br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the court on March 13, 2013 upon petitioner's petition for judicial review. The issue before this Court is whether GMHA could terminate Ms. Chaco outright for multiple "serious" (as defined by GMHA Policy No. 6420-21) violations of patient confidentiality and HIPAA violations, rather than use progressive discipline, as found by the CSC, even though the CSC confirmed the findings of the blatant violations (31 accesses of patient records in 5 days, and multiple entrances into the neonatal ward, using her work access, when Ms. Chaco is a mammography technician with no work-related or explicable reason to be in the neonatal ward), but no previous disciplinary history.

Pursuant to 4 GCA § 4403(d): "The Commission (CSC) may investigate and set aside and declare null and void any personnel action of an employee in the classified service if the Commission finds after conducting the necessary investigation that the personnel action was taken in violation of personnel laws or rules; . . . .".

4 GCA § 4406 then states that in the appeal: "The Commission (CSC) or appropriate entity may sustain, modify or revoke the action taken. The decision of the Commission or appropriate entity shall be final, but subject to judicial review." Additionally, 4 GCA § 4201 states in relevant part: "Nothing in this Section shall permit an employee to have redetermined by the Commission any matter which, having been finally judicially determined is grounds, in law or personnel rule, for removal from the government service." Further, Rule 1.600 of the Personnel Rules and Regulations of the Department of Administration (Adopted pursuant to 4 GCA § 4105) states: "In the event any rule or regulation is in conflict with statute, the statute shall prevail to the extent of the inconsistency."

In sum, did GMHA have the ability to fire Ms. Chaco without using progressive discipline? Based on GMHA's policies and procedures, the Court is left with the only conclusion that GMHA may proceed to termination without being required to resort to progressive discipline based upon the nature of the offense. The Court can find no support anywhere for the CSC's determination that progressive discipline is required. GMHA Policy No. 6420-8 states: "Guam Memorial Hospital Authority will appropriately discipline employees and other workforce members for any violations of security policy or procedure to a degree appropriate for the gravity of the violation. These sanctions include, but are not limited to, re-training, verbal and written warnings and immediate dismissal from employment." The CSC's determination is unsupported by law, as required for reversal.

## CONCLUSION

The CSC's determination that GMHA was required to utilize progressive discipline before terminating Ms. Chaco is unsupported by the record or the law. The CSC cites to no such requirement in the law, rules, or the personnel policies of GMHA. The Court can find no

mandate that GMHA is required to use progressive discipline in cases where an employee commits serious violations of the security policies and procedures of the GMHA, the facts of which were confirmed and upheld by the CSC against Ms. Chaco. In accordance with GMHA Policy No. 6420-8, GMHA was specifically empowered to terminate Ms. Chaco after finding serious violations of its security personnel policies.

The CSC failed to follow the standard set forth in 4 GCA § 4403(d) as required to set aside or declare null and void the action of GMHA. Further, the CSC was required by the Civil Service Commission Hearing Procedures for Adverse Action Appeals, CSC-400(a)(2) and CSC-400(B)(2) to review only for procedural compliance in effecting the adverse action, and to sustain the adverse action if management proved the charges against the appellant.

The CSC found that GMHA proved the charges, but did not conduct a review of the appellant's past record, the gravity of the offense, the particular facts and circumstances, nor specify with sufficient detail the reasons for modification set forth under CSC-400(4), therefore, no modification was permitted, and the CSC was required to uphold the adverse action. Accordingly, the CSC's determination was in ERROR, and is ANNULLED. GMHA's Termination of Employment of Ms. Chaco is REINSTATED, and JUDGMENT IS ENTERED THEREON under 7 GCA § 31109, and 4 GCA § 4201. The CSC is ORDERED to pay for the costs of any certified copies provided to the Court in connection with this matter.

IT IS SO ORDERED this _0 2_ day of October, 2013.

OCT 0 2 2013

_____
**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

OCT 0 2 2013

Penny O Cruz
Deputy Clerk Superior Court of Guam